**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NHAT NGUYEN,** | : | **CIVIL ACTION NO. 1:04-CV-2656** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **HARRY WILSON, et al.,** | : | |
| **Respondents** | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Docs. 1, 6) pursuant to 28 U.S.C. § 2254, in which petitioner, Nhat Nguyen ("Nguyen"), challenges the validity of his guilty plea to state criminal charges.[1]  For the reasons that follow, the petition will be denied as untimely.

## **I.   Statement of Facts**

Nguyen pled guilty in 1998 to robbery, burglary, and simple assault and was sentenced in March 1999 by the Court of Common Pleas of Luzerne County, Pennsylvania trial court to a five- to ten-year term of imprisonment.  A timely appeal was filed.  In February 2000, the Superior Court remanded the matter to the trial court for an evidentiary hearing to resolve questions about the validity of the

---

[1] On January 7, 2005, in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the court issued an order and notice (Doc. 4) advising Nguyen that he could elect to have his petition construed and ruled upon under 28 U.S.C. § 2254 or withdraw the petition with the intent of filing an all-inclusive petition raising all grounds for relief.  On February 1, 2005, Nguyen submitted a notice of election (Doc. 5) in which he opted to have the court consider his petition as filed.

guilty plea.[2]  An evidentiary hearing was held, and, on September 21, 2000, the trial court denied Nguyen's request to withdraw his guilty plea.  No appeal was taken. (Doc. 1 at 1; Doc. 6 at 2; Doc. 14 at 2-3).

On July 26, 2001, Nguyen filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546, requesting collateral review of his conviction and sentence.  The petition was denied on March 8, 2002.  No appeal was taken.[3]

More than two years later, on May 3, 2004, Nguyen filed a second PCRA petition.  It was denied on May 11, 2004, as untimely.[4]  Again, no appeal was taken. (Doc. 1 at 13).

Nguyen then filed a petition for writ of mandamus in the Commonwealth Court of Pennsylvania.  The matter was transferred to the Supreme Court of Pennsylvania on June 14, 2004.  On September 9, 2004, the petition for writ of mandamus was denied.  (Doc. 1 at 11-12).

---

[2] See Commonwealth v. Nguyen, No. 00770 MDA 1999 (Pa. Super. Ct. Feb. 23, 2000) (mem.).

[3] These facts appear in respondents' answer to the petition for writ of habeas corpus but are not supported by record citation.  Nevertheless, because the pendency of a timely PCRA petition tolls the applicable limitations period and supports petitioner's claims for relief, see 28 U.S.C. § 2244(d)(1), the court will accept these assertions as true for purposes of this opinion.  The court admonishes counsel for respondents to adhere strictly to procedural requirements of the orders of this court and federal rules mandating that all relevant court records be included with the answer to the petition (Doc. 7).  See R. GOVERNING § 2254 CASES R. 5(b)-(d).

[4] See 42 PA. CONS. STAT. § 9545 (requiring generally that PCRA petitions be filed within one year after final judgment).

The instant petition for writ of habeas corpus was filed on December 9, 2004. (Doc. 1). The petition claims that during the state criminal proceedings Nguyen's appointed counsel offered an inadequate explanation of the effect of his guilty plea, particularly the application of the statutory minimum and maximum sentences, and that the court should have provided Nguyen—who is Vietnamese—with an interpreter. (Docs. 1, 6).

**II.    Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations on state prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. See id. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the limitations period begins to run from the date on which a judgment becomes final by the issuance of a final decision on direct appeal or the expiration of the time period for seeking such review. Id.; see Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999). Because Nguyen did not appeal the order dated September 21, 2000, denying his request to withdraw his guilty plea, he was required to file his federal habeas petition within one year after the expiration of time for seeking review of the decision, on October 21, 2000. See PA. R. APP. P. 903(a) (stating that notice of appeal must be filed within thirty days of entry of lower court order); see also PA. R. CRIM. P. 720(A)(3); Commonwealth v. Green, 862 A.2d 613, 615-18 (Pa. Super. Ct. 2004).

However, in computing the one-year period, the time during which a properly filed application for state post-conviction or other collateral review is not counted. See 28 U.S.C. § 2244(d)(2). The limitation period was tolled when Nguyen filed his first PCRA petition on July 26, 2001—278 days after the conclusion of direct review—until those proceedings concluded on March 8, 2002. Nguyen was left with the balance of the one-year period—a total of eighty-seven days, or until June 3, 2002—in which to file his federal habeas petition.[5] Nevertheless, Nguyen did not file his federal petition until December 9, 2004, well after the limitations period had expired. Nguyen offers no explanation for this delay.[6] The petition *sub judice* is clearly untimely. Consequently, the petition must be dismissed.

An appropriate order will issue.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:    May 2, 2005

---

[5] At the time Nguyen filed his second PCRA petition, the limitation period had already expired. However, even if he had filed the second petition within the eighty- seven day period, it would not qualify as a "properly filed application" for tolling purposes because the trial court found it to be untimely. See Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

[6] Equitable tolling is not available as Nguyen has not established that he has in some extraordinary way been prevented from asserting his rights and that he exercised reasonable diligence in investigating and bringing the claims. See Merritt, 326 F.3d at 168.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NHAT NGUYEN,** | : | **CIVIL ACTION NO. 1:04-CV-2656** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **HARRY WILSON, et al.,** | : | |
| **Respondents** | : | |

## **ORDER**

AND NOW, this 2nd day of May, 2005, upon consideration of the petition for writ of habeas corpus (Docs. 1, 6), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Docs. 1, 6) is DISMISSED as untimely.

2. A certificate of appealabilty is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

                                                  S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge